**---DEED NUMBER TWENTY ONE (21)---**

**---MORTGAGE DEED---**

---In San Juan, Puerto Rico, this February twelve (12) Two Thousand Twenty One (2021).---

**---BEFORE ME---**

---**CARLOS TOMASSINI RAMIREZ,** A Notary Public in and for the Commonwealth of Puerto Rico, with residence and offices in the City of San Juan, Puerto Rico,---

**---A P P E A R---**

---**ON THE SOLE PART:** The persons mentioned in paragraph FIFTY hereof (herein "Borrower" and "Lender").---

---I, the Notary, hereby certify that I am personally acquainted with the appearing parties or that I have verified the identities of the appearing parties, utilizing documents of identification that comply with all of the requirements of Article seventeen (17) (c) of the Notarial Law in force and from their statements as well, I also attest as to their ages, civil status, occupations and places of residence. The appearing parties assure me that they have, and in my judgment they do have, and the necessary legal capacity to execute this deed; and for the purpose of this act the appearing parties do hereby freely:---

**---STATE AND COVENANT---**

---**FIRST: <u>OWNER OF PROPERTY.</u>** Borrower is the owner of record of the property described in paragraph FORTY EIGHTH hereof (herein "Property"), with valid, good and marketable fee simple (pleno dominio) title, and has the right to mortgage said Property; that said Property is unencumbered except as set forth in paragraph FORTY EIGHTH hereof and that Borrower warrants and will defend the title to said Property against all claims and demands, subject to any declarations, easements or restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring the interest in the Property of the Lender as hereinafter described in paragraph SECOND hereof.---

---**SECOND: <u>LOAN.</u>** The Borrower has requested and obtained from Puerto Rico Farm Credit, ACA, a cooperative loan association and an instrumentality of the United States of America, organized and existing in accordance with the laws of the Congress of the United States of America known as the Farm Credit Act of 1971, as amended, with principal offices in San Juan, Puerto Rico, whose address is two hundred thirteen (213) Domenech Avenue, Hato Rey, Puerto Rico zero zero nine one eight (00918) (herein referred to as the "Lender").---

---**THIRD: <u>MORTGAGE NOTE.</u>** Simultaneously with the execution of this Deed of Mortgage herein "Deed of Mortgage" and as evidence of the Loan referred to in paragraph SECOND hereof, Borrower has subscribed before me a Mortgage Note (herein "Note") payable to Lender, or its order, which is copied literally in paragraph FORTY SEVENTH hereof. The Borrower acknowledges receipt of the total amount of the Loan evidenced by the Note.---

---**FOURTH: <u>CREATION OF MORTGAGE.</u>** Borrower hereby constitute and create a voluntary FIRST mortgage in favor of the Lender or the holder of the Note and in favor of any successor or holder thereof in order to guarantee and secure to the Lender or to the holder by endorsement of the Note, "the Mortgage":---

---- (i) The full and complete repayment of the principal of, and interest on, the Note;---

---- (ii) The performance and observance of the terms, covenants and agreements of the Borrower contained in the Note and in this Deed of Mortgage;---

CARLOS TOMASSINI RAMIREZ ABOGADO NOTARIO

---- (iii) An additional amount equal to ten percent (10%) of the original principal amount of the Note set forth in paragraph THIRD hereof, to cover interest in addition to that secured by law (hereinafter called the "Interest Credit") pursuant to the provisions of Article One Hundred Sixty Six (166) of the Mortgage and Registry of Property Law of Puerto Rico (30 L.P.R.A. 2562); ----------

---- (iv) An additional amount equal to ten percent (10%) of the original principal amount of the Note set forth in paragraph THIRD hereof, but in no event less than Five Hundred Dollars ($500.00), to cover costs, expenses and attorney's fees in the event Lender or the holder of the Note shall have recourse to the courts or to any other governmental agency in order to foreclose this Mortgage or seek judicial collection, or collection in any proceeding in bankruptcy of the Borrower, of all or any part of the principal thereof or any interest thereon, or in order to protect the interests of the Lender or the holder of the Note in the event that there should be any bankruptcy proceeding of the Borrower, which amount shall be considered a liquid and agreed amount and payable solely upon filing the complaint without necessity for further liquidation or approval by any court, and shall be in addition to the principal amount of the Note (hereinafter called the "Credit for Liquidated Damages"); ----------

---- (v) An additional amount equal to ten percent (10%) of the original principal amount of the Note set forth in paragraph THIRD hereof, but in no event less than Five Hundred Dollars ($500.00), to cover any amounts that may be paid or advanced under this Mortgage by the Lender or the holder of the Note, together with interest thereon (hereinafter called the "Credit for Additional Advances").----------

---- (vi) All other indebtedness of the Borrower guaranteed and secured by the provisions of this Deed of Mortgage. ----------

----The aforementioned voluntary FIRST mortgage in favor of the Lender or the holder of the Note and in favor of any successor or holder thereof, is hereby constituted and created by the Borrower on: ----------

---- (a) The Properties described in paragraph FORTY EIGHTH hereof;------

---- (b) All structures, buildings, movable property, additions, fixtures, improvements and appurtenances and facilities thereto, now or hereafter located thereon; ----------

---- (c) All of the rights of way or use, easements, servitudes, licenses, tenements, hereditaments and other appurtenances now or hereafter belonging or appertaining to the Property;----------

---- (d) All renewals and replacements of, substitutions for and additions to the property described in paragraphs (a) and (b) above, and all other property, real, personal or mixed now owned or hereafter acquired by Borrower and enjoyed in common with or in any wise appertaining to such property as well as all lands which may be consolidated or grouped with the Property;----------

---- (e) All awards, compensations and payments in respect of taking by condemnation or eminent domain in any of the foregoing as their interest may appear; ----------

---- (f) All equipment, furnishings, appliances and apparatus now owned or hereafter acquired by the Borrower and used in or procured for the operation or maintenance of the Property, and all replacements thereof and additions thereto to the fullest extent such property may lawfully be deemed to be immovable property by destination within the meaning of the applicable provisions of the Civil Code and Mortgage Law of Puerto Rico (hereinafter sometimes collectively called the "Personal Property"); and----------

---- (g) All rents, earnings, revenues, issue and profits of all of the foregoing.----------

---**FIFTH:** **THIRD PARTIES.** With respect to third parties, the mortgage lien constituted by this Deed of Mortgage will guarantee the principal amount of the indebtedness, the additional credits referred to in Paragraphs FOURTH (iii), (iv) and (v) of this Deed of Mortgage, and the interest accruing on the aforementioned items for a period of five (5) years, in addition to those amounts guaranteed by law.----------

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

---SIXTH: **JOINT AND SEVERAL LIABILITY**. In the event that more than one person shall sign the Note and this Deed of Mortgage, it is expressly understood and agreed that the term "Borrower" shall include all such persons, and that each and every one of them shall be jointly and severally liable for all of the obligations set forth in the Note and this Deed of Mortgage. ---

---SEVENTH: **PROPERTIES RESPOND JOINTLY**. In the event that more than one property shall be mortgaged pursuant to this Deed of Mortgage, the Borrower agrees that, in accordance with the provisions of Article One Hundred Seventy (170) of the Mortgage and Registry of Property Law of Puerto Rico (30 L.P.R.A. 2566), the responsibility with respect to the mortgage lien constituted by this Deed of Mortgage shall be distributed amongst said properties as follows:---

---EIGHTH: **LOAN PROCEEDS.** Borrower agrees to use the proceeds from this Loan for the purposes indicated in his original loan application, or any amendment thereto.---

---NINTH: **PAYMENT OF PRINCIPAL AND INTEREST.** Borrower shall promptly pay when due the principal of, and interest on, the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note. ---

---TENTH: **INSURANCES AND TAXES.** ---

----**(A) INSURANCE:** As is provided in Article One Hundred Sixty (160) of the Mortgage and Registry of the Puerto Rico Law, (30 LPRA § 2556), this Mortgage shall be extensive to, and shall cover, all indemnities to which the Borrower may be entitled under any policy of insurance covering the Property or any part thereof, and Lender shall be entitled to receive directly from the underwriters all payments which become due under such policy of insurance and shall at the option of the Lender be applied on account of the payment of any notes or obligations of the Borrower for which the Note may be given or assigned or pledged as security, firstly, with respect to interest, charges, penalties, expenses and costs and, secondly, with respect to principal. Such proceeds of insurance may, at the option of the Lender and without waiver of Lender's rights to any future proceeds of like nature, be paid over to the Borrowers in partial or total reimbursement of Borrower's expenses in repairing or replacing such portion or portions of the Property or Properties as may have been so damaged. Borrower will pay all costs expenses (including without limitation, attorney's fees and expenses) incurred in the collection thereof.---

---If under paragraph THIRTY THIRD hereof the Property is acquired by Lender, all right, title and interest of Borrower in and to any insurance policies and in and the proceeds thereof resulting from damage shall pass to Lender to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.---

---Borrower will cause the buildings on the Property and the fixtures and other of Personal Property covered by this Mortgage to be insured against loss by fire, casualty and other hazards specified by the Lender for the benefit of the Lender including, without limitation, the hazards included within the term "extended coverage" and such other hazards for which may require coverage. Such insurance shall be written by such companies, in such amounts and in forms satisfactory to the Lender and the Borrower will assign and deliver the original policies to the Lender, and will reimburse the Lender for any premiums paid for insurance provided by the Lender or deemed necessary by it.---

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

---It is understood that the Lender may, in its discretion, require a greater amount of insurance coverage, the minimum amount of which insurance coverage that shall be acceptable to Lender shall be an amount equal to the balance of the indebtedness secured by this Mortgage, or the actual value of the insured Property, or the replacement value of the insured Property, whichever is lower.------------------------------------------------------------

--- If the Property is located in an area covered by the regulations for floodable areas, where participation in any Federal program for floods are required, the Borrower shall obtain the pertinent Federal flood insurance and endorse the policy in favor of the Lender as set forth herein below.----------

---(a) All of the foregoing policies shall be placed with such companies, in such form and in such amounts as the Lender may reasonably require and shall contain a standard non-contribution mortgage endorsement, in form satisfactory to the Lender, with loss payable solely to the Lender, and shall provide that the same may not be cancelled or amended without at least ten (10) days prior written notice to the Lender, that the Lender shall have no responsibility for payment of premiums thereon or any assessment there under and that no negligence or fault of Borrower or any lessee or occupant of the Property or any part thereof, shall affect the Lender's rights hereunder;-

---(b) Borrower will deliver to Lender all the policies required under this Deed of Mortgage, with evidence of premium payment, whenever the same are required hereunder to be maintained, will promptly furnish to Lender all renewal notices and all receipts of paid premiums and will furnish substitute policies to Lender at least fifteen (15) days prior to the date any of such policies would expire. ------------------------------------------------------------

---(c) Borrower hereby irrevocably appoints Lender, its attorney-in-fact, coupled with an interest, to adjust or compromise any loss under all such policies, to collect and receive the proceeds thereof (which are hereby irrevocably assigned to Lender ) and to provide receipt and release therefore, hereby ratifying all such acts by Lender; ----------------------------------------

---(d) It is expressly agreed that in the event that the mortgage constituted by this Deed of Mortgage shall be foreclosed, or in the event that the Borrower shall transfer the Property to the Lender by deed in lieu of foreclosure then, in such event, all right, title and interest of the Borrower in and to any insurance policy that is in force shall pass to the Lender or holder of the Note.------------------------------------------------------------

---**(B) TAXES:** Borrower will pay all real and personal property taxes levied on the Property due after the date hereof (as well as all other taxes of every type and kind, benefits, premiums, salaries, emoluments, compensation and claims related to workers, and any other governmental tax or charge that may affect the Property or the mortgage constituted by this Deed of Mortgage and, in addition, all claims and debts for labor and materials that, if not paid, might constitute a lien against the Property equal to or superior in rank to the mortgage constituted by this Deed of Mortgage) when and as the same shall become due and payable, and in default thereof Lender may pay the same. Any sum or sums so paid by Lender shall be added to the principal indebtedness hereby secured, and shall bear interest at the rate set forth in the Note. Borrower shall, at the request of Lender, furnish Lender with proof of the payment of such taxes and other obligations.--------------------------------

---**(C) PAYMENT IN ADVANCE OF INSURANCE PREMIUMS TAXES, ETC:** The Borrower recognizes that Lender may demand payment in advance of insurance premiums, property taxes, impositions and charges. In such case the Borrower shall make these payments together with the principal and interest on the Loan by means of partial payments as may be determined by the Lender. The Lender shall determine the partial payments

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

considering the amount to be paid on the due date of each of the obligations less the payments on the account that had been made directly by the Borrower with respect to each of such obligations. The balance that remains outstanding to be paid shall be divided amongst the number of installment payments of the Loan, whether these payments are annual, semi-annual, quarterly or monthly. The Lender shall retain these funds in reserve to be paid out when the insurance premiums, property taxes, impositions or charges become due. A default by the Borrower by failing to make any of these partial payments shall constitute cause for the Lender, at its option, to accelerate and declare immediately due and payable the entire outstanding principal balance of the Loan and to foreclose the mortgage constituted by this Deed of Mortgage.---------------------------------------------------------------

---ELEVENTH: **APPLICATION OF PAYMENT**. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph NINTH and TENTH and other paragraphs hereof be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph TENTH and other paragraphs hereof, then to interest payable on the Note and then to the principal of the Note. ------------------------------

---**TWELTH: CHARGES; LIENS.** Borrower shall pay all taxes, assessments and other charges, fines and impositions, herein after defined, attributable to he Property which may attain a priority rank over this Mortgage, if any, in the manner provided under paragraph TENTH hereof or, if not paid in such manner, by Borrower making payment, when due, directly to the payee thereof. Borrower shall promptly furnish to Lender all notices of amounts due under this paragraph, and in the event Borrower shall make payments directly, Borrower shall promptly furnish to Lender receipts evidencing such payments. Borrower shall promptly discharge any lien which has priority over this Mortgage; provided, that Borrower shall not be required to discharge any such lien so long as Borrower shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Lender, or shall in good faith contest such lien by, or defend enforcement of such lien in legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.-----------------------

---- Borrower will pay and discharge Impositions within such time as the same shall be payable without penalty, fine or interest and will furnish to Lender, from time to time, upon request, official receipts or other satisfactory proof evidencing such payment. ---------------------------------------------

---- As used in the Deed of Mortgage, the term "Impositions" shall mean all real estate and other taxes, all assessments (including, without limitation, all assessments for public improvements or benefits, whether or not commenced or completed prior to the date hereof or in which this Mortgage is in force), water, sewer, electricity, utility and other rents, rates and charges, levies, license fees, permit fees, inspection fees and other authorization fees and other charges, in each case whether general or special, ordinary or extraordinary, foreseen or unforeseen, of every character including all penalties or interest thereon, which at any time may be assessed, levied confirmed or imposed on or in respect of or be a lien upon (a) the Property or any part thereof or any rents, issue, income, profits or earnings there from, any estate, right or interest therein or (b) any occupancy, suit of possession of or sales from the Property or any part thereof, or (c) this Mortgage, any interest herein or any other payments due from Borrower under the terms of the Loan Agreement, executed in connection with the Loan, Note or this Deed of Mortgage.---------------------------------------------------------------

---**THIRTEENTH: PRESERVATION AND MAINTENANCE OF PROPERTY.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property. Borrower will carefully preserve and care for the Property in the way a good farmer would, and will prevent any act of deterioration of the Property,

CARLOS TOMAS N. RAMIREZ PUERTO RICO ABOGADO-NOTARIO

maintaining and conserving the Property, its fields, crops, buildings, structures, machinery, irrigation and drainage works and improvements, and all accessions that the Property presently has or in the future may be built or installed on the Property, repairing, renovating, improving or substituting them as necessary to keep them in a good state of conservation and use and to avoid their depreciation or destruction, so that at all times the value and efficiency of the Property will be conserved.-----------------------------------

---- Borrower will maintain the Property in a rentable or tenantable state of repair, and after the completion thereof no building on the Property shall be removed, demolished or substantially altered, nor (except where appropriate replacements are immediately made, free of superior title, liens and claims, of value at least equal to the value of the fixtures or equipment or articles removed and only with the prior written consent of the Lender) shall any fixture or equipment or other Personal Property covered by this Mortgage be removed without the prior written consent of the Lender, nor shall the Borrower commit any waste on the Property or make any change in the use of the Property which will in any way increase any ordinary fire or other hazard arising out of the construction or operation. Borrower shall require all lessees to comply with the foregoing requirements as well. -------------------

---**FOURTEENTH: <u>RIGHTS AND EASEMENTS.</u>** ------------------------

---- **(A) FOR THE BENEFIT OF THE PROPERTY:** Borrower shall maintain in full force and effect the rights, easements, franchises, concessions and permits presently in force and which in the future may be obtained for the benefit of the Property. ------------------------------------------------------

---- **(B) AFFECTING THE PROPERTY:** Borrower shall not constitute any easements or lien that affect the Property without the prior written consent of Lender, in which case Lender may require Borrower to pay a sum deemed reasonable to Lender in reduction of the indebtedness evidenced by the Note. ------------------------------------------------------------------

---**FIFTEENTH: <u>PROTECTION OF LENDER'S SECURITY.</u>** If Borrower fails to perform the covenants and agreements contained in this Deed of Mortgage, (including, without limitation, if Borrower shall fail to make punctual payment of all Impositions, or should fail to maintain the insurance coverage on the Property, or should fail to partially or completely cancel any mortgages, encumbrance or liens or should fail to keep the properties in good conditions, or should fail to comply with any of the other terms or conditions of the mortgage, any other document related to the loan or any pledge agreements or other instruments thru which the note may be transferred of pledged or if any action or proceeding is brought against the Debtor that could materially affect the interest of the Creditor in the Property including without limitation expropriation, insolvency, enforcement of regulations of the Planning Board of Puerto Rico, settlements under any bankruptcy proceedings, insolvency or related to an Estate, the Creditor at his option, with previous notice to the Debtor, without releasing him from any obligation or default, may (without any obligation on his part) at any subsequent moment, intervene in any proceeding, disburse any amounts and take any action deemed pertinent to protect the interest of the Creditor, including without limitation the payment of attorney's fess and entry into the property to make repairs. Lender may (but shall be under no obligation) at any time thereafter make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to disbursement of reasonable attorney's fees and entry upon the Property to make repairs. ------------------------------------------------------------------

--- If Lender required mortgage insurance as a condition of making the Loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law, and shall furnish to Lender evidence of such payment.------------------------------------------------------------------

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

----Any amounts disbursed by Lender pursuant to this paragraph FIFTEENTH, and all costs and expenses (including, without limitation, attorney's fees and expenses), with interest thereon, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the Note, unless payment of interest at such rate would be contrary to applicable law. Nothing contained in this paragraph FIFTEENTH shall require Lender to incur any expense or take any action hereunder.----------------------------------------------------------------

----Lender will also be entitled to reimbursement of any actual out of pocket costs other than interest, which Lender actually incurs in raising funds used for the aforesaid purposes, and which shall constitute additional indebtedness secured by this Mortgage and shall be paid by Borrower to Lender on demand. ------------------------------------------------------------------------

---**SIXTEENTH:** **<u>FURTHER ASSURANCES; ADDITIONAL SECURITY:</u>** Borrower at its own cost and expense will execute, acknowledge, deliver and record all such instruments and documents, public or private that may be necessary to clarify or correct this Deed of Mortgage and take all such action as Lender from time to time may reasonably request for better assuring to Lender the Property and rights hereby mortgaged and assigned or intended so to be. Without notice to or consent of Borrower, and without impairment of the lien and rights under this Mortgage, Lender (or any assignee or pledge) may take (but Borrower shall not be obliged to furnish) from Borrower or from any other person, additional security for the Note or for the obligations of the Borrower secured by the assignment or pledge of the Note, and neither the giving of this Mortgage nor the acceptance or any such additional security shall prevent Lender from resorting to such additional security or to the security created by this Mortgage, in either case without affecting Lender's lien and rights under this Mortgage. ------------------------------------------------------------------------

---**SEVENTEENTH:** **<u>ASSIGNMENT OR PLEDGE BY LENDER; PRESERVATION OF LIEN:</u>** In the event that the Lender or any other holder's interest in the Note and/or other loan and security documents and collateral is assigned or pledged or otherwise encumbered as collateral security for the payment of any other note or debt or for the payment of any obligations of the Lender or any other person, the Borrower agrees: ---------

--- (a) The Lender (or any holder or pledge of either) may foreclose this Mortgage and may exercise all other rights, remedies, powers and privileges provided herein or now or hereafter existing at law, in equity, by statute, or otherwise, without first foreclosing the pledge or other lien so constituted upon the Note, to the same extent and with the same force and effect as if the Note had been assigned or transferred directly to Lender rather than assigned or pledged as collateral security.-----------------------------------------------

---**EIGHTEENTH:** **<u>EXPENSES:</u>** All costs and expenses of this Deed of Mortgage, of a certified copy or copies hereof; all expenses of such additional documentation as may hereafter be required; and all expenses of all documents of cancellation, shall be for the account of Borrower. It is recognized that this Deed of Mortgage, as well as the eventual cancellation of same, is presently exempt from the payment of recording and cancellation fees in accordance with Law eighty one (81) of the twenty second (22) of June of nineteen fifty four (1954) and Law ninety four (94) of the second (2) of June of nineteen sixty seven (1967). In addition all taxes presently levied or that in the future may be levied on the principal, interest or other payments provided in this Mortgage (including said tax payments) shall be paid for by the Borrower, and Lender shall receive all principal, interest and other payments hereunder net, free and clear of all costs, expenses, taxes or

CARLOS TOMÁS ... JUÁREZ ABOGADO-NOTARIO

deductions.--------------------------------------------------------------------------

---**NINETEETH: INSPECTION.** Lender, its agents and employees may take or cause to be made, and Borrower shall so permit, reasonable entries upon and inspections of the Property, whenever the Lender believes it is necessary or convenient for the protection of the Lender's interests, provided that Lender shall give Borrower notice prior to any such inspection. Lender may also make, and Borrower so shall permit, appraisals of the Property, whenever the Lender believes it is necessary or convenient for the protection of the Lender's interests. -------------------------------------------------------

---**TWENTIETH: BOOKS AND RECORDS; INSPECTION:** Borrower will at all time keep and maintain books and records and account in which full, true and correct entries shall be made of all dealings and transactions respecting the Property and will give Lender, its attorneys, accountants and other agents, full access, during reasonable business hours, to the same and to all other books, records and documents of the Borrower for the purpose of examining the same and making copies and abstracts there from and will permit such persons and each of them at all reasonable times to inspect the Property and to discuss the affairs, financial and otherwise, of the Borrower, and be fully advised thereon by the officers, principals, agents and employees of Borrower including, without limitation, its accountants who are hereby authorized to make full disclosure of any facts relating to such affairs discovered by them, on audit or otherwise. -----------------------------------

---**TWENTY FIRST: FINANCIAL STATEMENTS:** ------------ Borrower, at its expense, will furnish to Lender within ninety (90) days after the end of each fiscal year of Borrower (a) current financial statements, including a balance sheet and income statement in a form acceptable to Lender as may be requested by Lender, and (b) such other information from time to time respecting to the financial condition of the Borrower and with respect to any of its properties or assets, including the Property, or to the extent reasonably within its control, with respect to any obligated party, as Lender may reasonably request, while the indebtedness evidenced hereby or any other indebtedness from Borrower to Lender is outstanding.---------------

---**TWENTY SECOND: CONDEMNATION:** The proceeds of any award or claim for damages, direct or condemnation or other taking of the Property, or part thereof, or for conveyance in lien of condemnation, are hereby assigned and shall be paid to Lender. --------------------------------------------

---- In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. ----

---- If the Property is abandoned by Borrower or if, after notice by Lender to Borrower that the condemner offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days of the date such notice is mailed, Lender is authorized to collect and apply the proceeds at Lender's option either to restoration or repair of the Property or to sums secured by this Mortgage. ---------------------------------------------

---- Unless Lender and Borrower otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments due under the Note and this Deed of Mortgage or change the amount of such installments. ----------------------------------------

---- Borrower will pay all costs and expenses, (including, without limitation, attorney's fees and expenses) of Lender in connection with any such taking and seeking and obtaining any award or payment in respect thereof. All awards and payments collected by Lender, after the payment of costs and

CARLOS TOMASONI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

expenses incurred in the seeking and obtaining thereof, shall be applied by Lender to the payment of any note or obligations of the Borrower for which the Note is given or assigned or pledged as security or in such other manner as may be provided in the Pledge Agreement executed in connection with the Loan, if any, or any other instrument, if any, under which the Note is assigned or pledged, if such be the case.-----------------------------------------

---TWENTY THIRD: **BORROWER NOT RELATED.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not be a notation of this Mortgage nor operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor, or to refuse to extend time for payment or otherwise to modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. --------

---TWENTY FOURTH: **FORBEARANCE BY LENDER NOT A WAIVER.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Mortgage. ---------------------------------------

---TWENTY FIFTH: **REMEDIES CUMULATIVE.** All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively. ----------------------

---TWENTY SIXTH: **SUCCESSORS AND ASSIGNS BOUND: JOINT AND SEVERAL LIABILITY; CAPTIONS.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower. All covenants and agreements of Borrower shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.--------

---TWENTY SEVENTH: **MODIFICATIONS.** Neither this Mortgage nor any term, provision or condition hereof may be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by Lender and Borrower, notice of which is endorsed on the Note.------------------------

---TWENTY EIGHTH: **NOTICE.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address as set forth in paragraph FIFTY THIRD, or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail, return receipt requested, to Lender's address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower of Lender when given in the manner designated herein.---------

---TWENTY NINTH: **GOVERNING LAW; SEVERABILITY.** This Mortgage shall be governed by the laws of the Commonwealth of Puerto Rico. In the event that any provision or clause of this Deed of Mortgage or Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage and the Note are to be declared to be sever able.--------------------

---THIRTIETH: **MISCELLANEOUS:** ---------------------------------------

CARLOS TOMASSINI RAMIREZ ABOGADO-NOTARIO

--- (a) No transfer of the Borrower's interest in the Property or any part thereof shall affect Borrower's liability for the indebtedness guaranteed and secured by the Mortgage constituted by this Deed of Mortgage (and may result in acceleration of such indebtedness pursuant to paragraph THIRTY THIRD hereof) and that the Borrower's obligation to the indebtedness shall not be released, discharged or affected until full payment thereof, regardless of any subsequent agreement with any other person or entity which modifies, amends, alters or changes the form of the Note or this Deed of Mortgage or spreads the lien hereof to any other property or consolidated such lien with any other mortgage deed or releases any guarantor or any security for the indebtedness guaranteed and other secured by the Mortgage constituted by this Deed of Mortgage;----------------------------------------------------------------

--- (b) Borrower hereby agrees, that it will, within five (5) days after request from the Lender or within ten (10) days after written request from the Lender by mail, furnish a statement of the amount due on the indebtedness secured hereby and setting forth, to the best of its knowledge, whether there exist any defaults hereunder or any setoffs or defenses to the payment of the indebtedness secured hereby; --------------------------------------------------------

--- (c) Borrower shall not lease the Property or any part thereof, without the express written permission of Lender, which permission shall not be unreasonable withheld. In the event that Lender shall grant such permission, Borrower shall, within five (5) days after leasing the Property, furnish to Lender a copy of the deed or contract of lease. --------------------------------

--- (d) The headings of the clauses of this Mortgage have been inserted for the convenience of reference only and shall in no way define, modify or restrict any of the provisions hereof;--------------------------------------------

--- (e) No failure or delay on the part of the Lender in exercising any power or right hereunder shall operate as a waiver thereof or a waiver of any other term, provision or condition hereof (no single or partial exercise of any other right or power hereunder) and the rights and remedies of the Lender hereunder are cumulative and shall not be deemed exclusive of any rights or remedies provided by law; --------------------------------------------------------

--- (f) Wherever the text of the Deed of Mortgage utilizes the singular, it shall be deemed to include the plural; therefore, the term "Borrower" shall be deemed to include all the persons signing the Note and the Deed of Mortgage, the term "Lender" shall be deemed to include the Lender and any subsequent holders of the Note, and the term "Property" shall be deemed to include all the properties covered by this Mortgage. ---------------------------

--- (g) All obligations of the Borrower hereunder with respect to the Property of the Guarantor shall be binding on the Guarantor and Borrower's heirs, successors, assigns or any other person that acquires or otherwise obtains an interest in the Property.----------------------------------------------------------

---THIRTY FIRST: **ENVIRONMENTAL MATTERS.** Borrower represents and warrants, covenants and states that on the Property there are no toxic or dangerous material or substances (hereinafter sometimes referred to as "Special Materials") which, according to Federal, state or municipal laws statutes, ordinances, rules, regulations, judicial or administrative orders or decrees, or private agreements (hereinafter collectively referred to as "Environmental Requirements"), which require special handling for their creation, use, handling, warehousing, treatment, disposition or which have payments pending as a result of judicial or administrative decrees with jurisdiction over the subject matter to compensate for damages caused by these Special Materials. --------------------------------------------------------

----These Special Materials include those that violate any national or local contingency plan or those emanations, or risk of emanation, which might violate or create responsibility under the Environmental Requirements.------

----The Borrower represents and warrants and covenants and states that the Property is not being utilized and has not been utilized in the past for activities that are related to the use, generation, collection, were housing, treatment or disposition of Special Materials, or as a dump area of disposition

CARLOS TOMASSINI RAMIREZ ABOGADO-NOTARIO

of solid wastes. Borrower shall not put, nor permit there to be put, in or near the Property, Special Materials. If at any moment the Borrower determines that there are Special Materials located on the Property that under Environmental Requirements would require special handling for their use, generation, collection, warehousing, treatment or disposition, the Borrower shall, within thirty (30) days after learning of the existence of same, take or cause to be taken, at the Borrower's cost, the action that is necessary to comply with the Environmental Requirements. If the Borrower fails to take such action, the Lender may, without being obliged to do so, advance funds to comply with the pertinent Environmental Requirements. All the funds advanced or paid in order to comply with the Environmental Requirements, as well as those other funds advanced or paid related to any administrative or judicial investigation, including expenses, cost and reasonable attorney's fees, fines and penalties, shall be paid by Borrower on demand by Lender. While these funds have not been paid by Borrower to the Lender, they will accrue late charges at a rate not less than one percent (1%) per month from the date that the disbursement was made until the Lender shall be reimbursed, and such payments or disbursements and interest thereon shall form part of the debt that is secured by this Deed of Mortgage. The Borrower releases and indemnifies the Lender for any obligation, damages, costs expenses and reasonable attorney's fees for any failure of the Property to comply with the Environmental Requirements or for the default of the Borrower with respect to the Borrower's covenants, agreements, representations and warranties under this Deed of Mortgage. **EVERY COVENANT, AGREEMENT, OBLIGATION,REPRESENTATION AND WARRANTY OF THE BORROWER CONTAINED IN THIS PARAGRAPH THIRTY FIRST WILL SURVIVE AND CONTINUE IN EFFECT AS A PERSONAL OBLIGATION, EVEN THOUGH THE OBLIGATION SECURED BY THIS DEED OF MORTGAGE MAY BE PAID, OR THE MORTGAGE MAY BE LIBERATED OR FORECLOSED OR THE LENDER MAY ACCEPT THE PROPERTY PURSUANT TO A DEED IN LIEU OF FORECLOSURE.** ------------------------------------------------------------

---**THIRTY SECOND:** **TRANSFER OF THE PROPERTY ASSUMPTION**. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding:------------------------------------------------------------

---- a) The creation of an encumbrance or lien subordinated to his mortgage,-

---- b) the creation of a guarantee of the sales price of home appliances,--

---- c) a transfer by a legacy or inheritance; or granting of the right of a lease of three years or less that does not contain a purchase option, the Creditor may, at his option, declare all of the amounts guaranteed by this mortgage immediately due and payable.------------------------------------------------

----Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request. The waiver of the option to accelerate provided in this paragraph THIRTY SECOND by Lender shall not be interpreted as a release from Borrower's obligations under this Mortgage and the Note. ------------------------------------------------------------

---- If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph TWENTY EIGHTH hereof. Such notice shall provide a period of not less than fifteen (15) days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph THIRTY THIRD hereof. --------

---**THIRTY THIRD:** **ACCELERATION; REMEDIES.** Except as

CARLOS TOMASSINI RAMIREZ ABOGADO-NOTARIO

provided in paragraph THIRTY SECOND hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Mortgage. including the covenants to pay when due any sums secured by this Mortgage, Lender, prior to acceleration, shall mail notice to Borrower as provides in paragraph TWENTY EIGHT hereof specifying; (a) the breach; (b) the action required to cure such breach; (c) a date, not less than fifteen (15) days from the date the notice is mailed to Borrower, by which such breach must be cured; (d) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by the Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such preceding all expenses of foreclosure, including, but not limited to, attorney's fees, and costs of documentary evidence, abstracts and title reports. ---------------------------------

---Time is of essence hereof and the following, in addition to the breach of any covenant, agreement, condition, representation or warranty made hereunder with which the Borrower is required to comply or fulfill, shall be considered events of defaults hereunder: ----------------------------------------

--- (One) Non-payment by the Borrower of the principal or interest of the Note as set forth in paragraph NINTH hereof.----------------------------------

--- (Two) No-compliance by Borrower with any of the other terms and covenants of the Note and this Mortgage, or any other loan documents.---

--- (Three) Attachment, Distrait or Seizure of the Mortgage Property. ------

--- (Four) The mere filing by the Borrower of a voluntary petition in bankruptcy.-----------------------------------------------------------------------

--- (Five) The filing of an involuntary petition in bankruptcy by any creditor against the Borrower which is not dismissed within thirty (30) days.-----------

--- (Six) The issuance by a court of competent jurisdiction of any order placing the Property under the control or management of a trustee, liquidator or receiver.----------------------------------------------------------------------

--- (Seven) Default in the payment or performance of any other obligation between Borrower and Lender. ------------------------------------------------

--- (Eight) The existence in the Registry of Property or the creation of any lien, encumbrance, mortgage, security interest and/or secondary financing or the sale, transfer or conveyance of the Property whether voluntary or by operation of law. ------------------------------------------------------------

--- (Nine) The institution of foreclosure proceedings in respect of any lien, charge, or right affecting the Property or any part of same, that has priority over or parity with the Mortgage lien constituted by this Deed of Mortgage.--

--- (Ten) The failure of the Borrower to comply with the Environmental Requirements and/or the obligations of the Borrower set forth in paragraph TRIRTY SECOND of this Deed of Mortgage.----------------------------------

--- (Eleven) Any representation by or on behalf of Borrower or any Guarantor to Lender or its representative concerning Borrower's financial condition or credit standing or any representation or warranty contained herein or any other loan document proves to be false or misleading. --------

---THIRTY FORTH: **COPY OF NOTE**. The Borrower agrees that in the event of foreclosure, it will not be necessary for the Lender or holder of the

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO NOTARIO

Note to present to the court the original of the Note and that, for purposes of the Mortgage and Registry of Property Act and the regulations thereof, it shall be sufficient for the Lender to present a copy of the Note. ---------------

---THIRTY FIFTH: **JURISDICTION.** In the event of any judicial action pertaining to or involving the Note or this Mortgage, the Borrower hereby accepts and submits itself to the jurisdiction and venue of any Court chosen by the Creditor, and the Borrower hereby expressly renounces any right that the Borrower may have to have the action brought before any other court.--

---THIRTY SIXTH: **NO WAIVER.** The Borrower expressly agrees that no delay on the part of the Lender in the exercise of any right that the Lender may have in accordance with the terms of the Note or this Deed of Mortgage, shall be considered as a renunciation, waiver, limitation or diminution of such right, nor shall it cause the statute of limitations to foreclose the mortgage to run but, rather, the Lender may foreclose the mortgage and exercise any and all of its rights, judicially or extra-judicially without such rights having been affected by aforementioned delay. -------------------------

---THIRTY SEVENTH: **RIGHT OF THE LENDER TO CURE DEFAULTS.** If the Borrower shall fail to pay all impositions as provided in this Deed of Mortgage or shall default under any other provisions hereof or under the other mortgages, if any, including, without limitation, a default under any mortgage, lien, encumbrance or charge upon the Property, any part thereof, whether prior or subsequent to the lien of the Mortgage constituted by this Deed of Mortgage, then the Lender, without consent of or demand upon the Borrower and without waiving or releasing such default, may (but shall not be required to) take such action as in the Lender's judgment may be needed to cure such default, including, without limitation, advancing or paying sums of money and sums so advanced or paid and all costs and expenses (including attorney's fees and expenses) so incurred, together with interest thereon at the interest rate specified in the Note, shall constitute additional indebtedness secured by this Deed of Mortgage and shall in any event be paid by the Borrower to the Lender on demand.------------------------

---THIRTY EIGHTH: **ASSIGMENT OF RENTS; APPOINTMENT OF RECEIVER.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph THIRTY THIRD hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.------------------------------------------------------------------------

----Upon acceleration under paragraph THIRTY THIRD hereof or abandonment of the Property, Lender shall be entitled to have a reviewer appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due and to discharge the duties of receiver with the most broad and ample powers. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees premiums on receiver's bonds and attorney's fees, and then the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received. Borrower hereby consents to the appointment of such receiver without hearing and without furnishing a bond. ---------------------------------------------------------------------------

---THIRTY NINTH: **COLLATERAL**: Lender may, at its option, before or after maturity of the Note, without notice, apply to the reduction or payment of Borrower's indebtedness any sum of money belonging to Borrower that is or may hereafter be in possession of Lender, it being understood that Lender shall not be obligated to make such reduction.------------------------------------

----Upon maturity of the Mortgage credits hereby guaranteed, Borrower expressly consents that all money, securities or other guarantees or goods of

any nature retained by or in the hands of Lender whether held in pledge, deposit or otherwise, or that may have been sent to Lender, or for the account of Borrower, whether by mail or otherwise, as guarantee, deposit, or in any other form, may be applied by Lender in its sole discretion, without being obligated to do so, to the total or partial payment of the Mortgage credits hereby guaranteed or such money, securities or other guarantees or goods of any kind may be retained as collateral security for the payment of the aforesaid mortgage credits in the future and/or any other debt or obligation of Borrower with Lender. Lender is expressly authorized without notice or demand, or publication of edicts to sell or transfer such goods, securities, or other security at public or private sale and Borrower waives any rights it might have in such respects.----------------------------------------

---**FORTIETH: THIRD PARTY SUITS.** In the event that the Lender shall be made a party to, or in the event that it shall be necessary for the Lender to appear or intervene in a lawsuit filed by a third party related to the title of the Property, Borrower shall pay to the Lender the cost and expenses, including reasonable attorney's fees, of the Lender, which shall not exceed ten (10) percent of the principal amount of the Note; all such costs and expenses paid by the Lender shall be added to the principal indebtedness hereby secured, and shall bear interest at the rate set forth in the Note. -------------------------

---**FORTY FIRST: REPRESENTATIONS AND WARRANTIES.** Borrower (and Guarantor with respect to the Property pledged by Guarantor under this Deed of Mortgage) represents and warrants that Borrower (or Guarantor, as the case may be); ----------------------------------------

---- (a) Is the owner of record of the Property, with valid, good and marketable fee simple (pleno dominio) title and has good and lawful authority to convey, mortgage and pledge the Properties in the manner and form hereby conveyed, mortgaged and pledged. ------------------------------

---- (b) Will warrant and defend said Property against all and every person and persons claiming the same or any part thereof. ---------------------------

---- (c) Agrees to execute at its expense, whatever additional documents or instruments that may be necessary or convenient to inscribe this deed as a FIRST MORTGAGE in the Registry of Property, as required by Lender.----

---- (d) Agrees that Lender may, in its sole discretion, declare this Mortgage due and payable and proceed to enforce it in any manner it may determine.---

----This shall not limit Lender's right to otherwise declare this Mortgage due and payable for any other reason. ----------------------------------------

---**FORTY SECOND: INDEMNIFICATION.** Borrower will protect, indemnify, and save harmless Lender from and against all liabilities, obligations, damages, penalties, claims, causes of action, costs, charges, and expenses (including, without limitation, attorney fees and expenses) which may be imposed upon or incurred by or asserted against Lender by reason of (a) any incident, injury or damage to any person or property or any part thereof, (b) any use, or condition of the Property or any part thereof, or (c) any failure on the part of the Borrower to perform or comply with any of the provisions hereof, and (d) any necessity to defend any of the rights, title or interest conveyed or created by this Mortgage.------------------------------

--- Any amounts payable to Lender under this Paragraph FORTY THIRD which are not paid within ten (10) days after written demand thereof by Lender shall bear interest at the rate set forth in the Note from the date of such demand and such amounts, together with interest, shall be deemed to be indebtedness secured by this Mortgage. The failure by Borrower to pay such amounts to Lender within the aforementioned ten (10) days period shall constitute a default hereunder. In case any action, suit or proceedings are brought against Lender by reason or any such occurrence, Borrower upon request by Lender will at Borrower's expense resist and defend such action,

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

suit or proceedings or cause the same to be resisted or defended, either by counsel designated by Borrower and approved by Lender, where such occurrence is covered by liability insurance, by counsel designated by the insurer. ----------------------------------------------------------------------------

---FORTY THIRD: RIGHTS OF WAYS, EASEMENTS ETC. Borrower, to the extent reasonably within its control, will maintain, preserve and renew all rights of way, easements, apparent signs grants, privileges, licenses and franchises reasonably necessary for the use of the Property from time to time and will not, without the prior written consent of the Lender, initiate, join in or consent to any private restrictive covenants, zoning ordinance or other public or private restriction as to the use of the Property. --

---FORTY FOURTH: WAIVER OF APPRAISAL, REDEMPTION. Borrower, to the full extent that it may lawfully do so, agrees, that it will not at any time insist upon or plead or in any way take advantage of and waives any appraisal, valuation, stay, extension, marshalling of assets, redemption, or moratorium law (including court decisions) now or hereafter in force and effect which would prevent or hinder the enforcement of the provisions of this Deed of Mortgage or any rights or remedies the Lender may have hereunder or by law. -----------------------------------------------------------

---FORTY FIFTH: CROSS-COLLATERALIZATION. This Mortgage shall also secure, in addition to the payments, obligations and credits set forth herein, all sums, indebtedness, and liabilities of any and every kind now or hereafter owing and to become due from Borrower to Lender, howsoever create, incurred, evidenced, acquired or arising, whether under the Note, Pledge Agreement, this Mortgage, any other loan documents pertaining to the foregoing or under any other instruments, obligations, contracts, agreements or dealings of any and every kind, now or hereafter existing or entered into between Borrower and Lender or otherwise and whether direct, indirect, primary, secondary, fixed or contingent, and including all present and future indebtedness incurred or arising by reason of loans to the Borrower by Lender. A default of any obligation of the Borrower to the Lender or holder of the Note, under any agreement, contract, or instrument of any kind unrelated to the indebtedness evidenced by the note, shall constitute a default under this mortgage and shall entitle the Lender or holder of the note to accelerate the indebtedness evidenced by the Note and to pursue and enforce all remedies available hereunder to the Lender or holder of the Note. ----------

---FORTY SIXTH: RELEASE. Upon payment of all sums secured by this Mortgage, Lender shall release and cancel this Mortgage at Borrower's expense, or, at Borrower's option, endorse the Note "for cancellation only" without charge to Borrower. ----------------------------------------------------

---FORTY SEVENTH: TEXT OF NOTE: The Note referred to in paragraph THIRD of this Deed is literally transcribed herein as follows:------

------------------------------- **MORTGAGE NOTE** ---------------------------

San Juan, Puerto Rico

Principal: ***$181,900.00***

Mortgage Deed #*21*

Maturity: ***On Demand***

FOR VALUE RECEIVED, the undersigned mortgage debtors **Alberto Dapena Del Valle,** (the "Debtor"), jointly and severally promise(s) to pay to the order of **PUERTO RICO FARM CREDIT, ACA** (the "Lender") or to the holder of this Mortgage Note the principal sum of **One Hundred Eighty One Thousand Nine Hundred Dollars ($181,900.00),** together with interest

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO NOTARIO

on the outstanding principal balance owed from the date hereof and until said principal and interest have been paid in full. The outstanding principal balance will accrue interest, according to what has been provided on the Promissory Note executed on this date between the Debtor and the Lender, including any changes, amendments, renewals or replacements of said Note, as well as any other loans under which this Mortgage Note is pledged to guarantee said debt. The annual fixed interest rate will be **five point twenty five percent (5.25 %)** (the "Agreed Rate").-----------------------------------------

--------------------------------------------------------------------------------

On demand of the holder of this Mortgage Note, the total amount owed will be due and will be paid immediately.------------------------------------------------

--------------------------------------------------------------------------------

When requested, the Debtor will pay the principal and interest in legal tender of the United States of America at the Office of the Lender in Puerto Rico located in # 213 Domenech Ave., Hato Rey, Puerto Rico 00918, or at such other place as shall be from time to time indicated.----------------------------------

--------------------------------------------------------------------------------

This Note is secured by a mortgage granted by the Debtor over certain properties located in ***San Juan, Puerto Rico***, as per **Deed of Mortgage Number Twenty One (21)**, granted on **February 12, 2021,** before Notary Public **Carlos Tomassini Ramírez.**------------------------------------------------

--------------------------------------------------------------------------------

---If suit is brought to collect this Note, the Lender or holder of this Note shall be entitled to collect in such proceeding the agreed and liquidated amount of ten percent (10%) of the original principal amount hereof to cover suit costs and expenses, including, but not limited to, attorney's fees.----------

--------------------------------------------------------------------------------

If any default is made in the payment of the principal and/or interest under this Note or in the performance of the terms hereof, or any payment or performance required by any Loan Agreement, Mortgage, Pledge Agreement, or other documents, then and thereafter without notice to the maker or any person liable hereunder, the Lender or holder of this Note (or either's pledgee) may, at its option, declare the entire principal balance plus accrued interest to be immediately due and payable without waiver by the holder of the Note of any other rights. The Lender or holder of this Note may exercise this option to accelerate the full payment of this Note during any default regardless of any prior forbearance.------------------------------------------------

--------------------------------------------------------------------------------

Every person at any time liable for the payment of the debt evidenced by this Note expressly authorizes the Lender or holder of this Note (or either one's pledgee) to immediately apply to the payment of this Note any sum of money or other property belonging to the Debtor or to any such person, deposited or otherwise in the hands of such Lender or holder (or pledgees), provided, however, that neither this authority nor the fact that it may not be exercised, shall alter or modify in any manner the obligation herein incurred.-------------

--------------------------------------------------------------------------------

All co-debtors, makers, sureties, guarantors or endorsees hereof and every person at any time liable for the payment of the debt evidenced by this Note hereby expressly waives any notice, demand, presentment, protest, notice of protest, notice of dishonor, suit and all other requirements otherwise necessary to hold them liable for the payment hereof, and consent to all renewals, indulgences, extensions, and releases of personal liability and of security permitted by the Lender or holder of this Note. This Note shall be the joint and several obligation of all co-debtors, sureties, guarantors and endorsees and every person at any time liable for the payment of the debt evidenced by this Note, and shall be binding upon them and their heirs, personal representatives, successors and assignees.-------------------------------

--------------------------------------------------------------------------------

Every person, at any time liable for the payment of the debt evidenced by this Note hereby further agrees that any waiver by the Lender or holder of the Note (or pledgee) hereof with respect to any default hereunder shall not release or discharge any such person from liability or alter or modify in any manner the obligations incurred herein.------------------------------------------------

CARLOS TOMASSINI RAMÍREZ ABOGADO-NOTARIO

At the option of the Lender or holder of this Note, any default in the terms and conditions of this Note or under any other written instrument given or executed to Lender or the holder of this Note, or executed by the Debtor to any other party and now owned or held by Lender or the holder of this Note shall constitute a default in the terms and conditions of any one or more or all such notes or other written instruments. Upon default, Lender or the holder of this Note, at its option, may declare this or all other indebtedness owed to be immediately due and payable, and the unpaid principal balance shall thereafter bear interest at the rate(s) as provided in the Note(s) in effect at the time of default. At its option, Lender or the holder of this Note may cease to make any further advances under this Note and may foreclose upon or sell any or all of the security for this Note in such order as it may prefer; and to apply the proceeds of such sale upon any indebtedness owed to the Lender or holder of this Note in whichever order it may desire.

In the event Debtor fails to immediately pay upon demand of Lender, or the holder of this Note, any sums due or incurred by Lender, or the holder of this Note, such as advances for payment of taxes, liens, assessments, insurance premiums, judgments, or other charges on the property securing the payment of this Note, for any purpose stated in this Note, Lender, or the holder of this Note, may advance them, and all amounts so advanced shall become and be a part of the principal due hereunder and shall immediately be due and payable by the Debtor to the Lender or holder of this Note.

In the event of any error or omission in this Note or in the instruments securing it, Debtor will promptly, at the request of Lender or the holder of this Note, execute a new Note and other written instruments deemed necessary by the Lender, or the holder of this Note, to correct such error or omission, and will pay promptly, upon demand all attorneys fees, costs and expenses incurred in connection therewith.

---ORIGINATOR OF A MORTGAGE LOAN: **Héctor M. Aponte** and her identification number of the Nationwide Multistate Licensing System (NMLS):one two four two four three four (1242434).

---MORTGAGE LENDER: **Puerto Rico Farm Credit, ACA** and its identification number of the Nationwide Multistate Licensing System (NMLS) is: five four four two nine zero (544290).

**IN WITNESS WHEREOF**, the Borrowers have duly executed and delivered this Note in San Juan, Puerto Rico, on this February 12, 2021.

(signature) (signature)
*Alberto Dapena Del Valle*
Borrower

Affidavit No. 14,714

Acknowledged and subscribed before me by **Alberto Dapena Del Valle,** of legal age, single, merchant and resident of San Juan, Puerto Rico, whom I not known personally and identified with all the requirements of article 17(c) of the Notarial Law in force, by his driver's license, with photography and signature, number 1906134.

---In San Juan, Puerto Rico, this February 12, 2021.

(signature)
CARLOS TOMASSINI RAMIREZ
NOTARY PUBLIC

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

--- There appears the seal, signal and rubric of the Notary Public.----------

---FORTY EIGHT: **THE PROPERTY.** The description in Spanish of the mortgaged Property is: ----------------------------------------------------------

**---RUSTICA: Predio de terreno radicado en el Barrio Cupey de Rio Piedras, Puerto Rico, compuesto de NUEVE CUERDAS CON NOVENTA Y CINCO CENTESIMAS DE OTRA (9.95 CDAS.), equivalentes a tres (3) hectáreas, noventa y una (91) áreas y siete (7) centiáreas, linda por el NORTE, con Sucesión Gómez, Santiago Sánchez, hoy con terrenos pertenecientes a Bonifacio Gómez y Guillermo Godreau; por el SUR, con terrenos pertenecientes a Herminio Jensen, antes Don Silvestre Miranda hasta salir de la carretera de Cupey Alto; por el ESTE, con Nicomedes Ramos, Merquíades Guzmán y por el OESTE, con el Río "Rio Piedras".---------------------------------------------**

**---Enclava una casa de madera techada de zinc y un establo de madera techado de zinc que mide veinte pies (20') por catorce pies (14').-----------**

**---Inscrita al folio ciento cincuenta y cuatro (154) vuelto, del tomo treinta y siete (37) de Rio Piedras Sur, finca número mil cuatrocientos sesenta (1,460), antes seis mil ochocientos veinticuatro (6,824), Registro de la Propiedad de San Juan, Sección Cuarta.-----------------------------------**

**---------------------------Catastro Número 144-021-621-61-001--------------**

**----Consta a favor de Eduardo Jorge Pérez Puig y esposa María Isabel Inés Consuela Nadal Chapel, mayores de edad, propietarios y vecinos de San Juan, por precio de CIENTO SESENTA MIL DOLARES ($160,000.00), mediante escritura número uno (1), otorgada en San Juan, Puerto Rico el veintiuno (21) de junio de dos mil diecinueve (2019) ante el notario Freddie Pérez González, presentada al asiento dos mil diecinueve guión cero seis siete dos nueve dos guión SJ cero cuatro (2019-067292-SJ04), pendiente de inscripción.-------------------------------------------------------------------**

**---Adquiere el compareciente Alberto Dapena Del Valle, mediante escritura de compraventa número veinte (20), otorgada en esta misma fecha y lugar y ante este notario fedatario, pendiente de presentación e inscripción al Registro.----------------------------------------------------------**

---**GRAVAMENES:** Dicha(s) propiedad(es) se encuentra(n) afecta(s) a:----

**---POR SU PROCEDENCIA Y POR SÍ:------------------------------------**

**---LIBRE DE CARGAS Y GRAVAMENES------------------------------**

---FORTY NINTH: **VALUE OF THE PROPERTY.** Pursuant to the provisions of the Mortgage and Property Registry Act of Puerto Rico and, specifically, Article One Hundred Seventy Nine of said law (30 L.P.R.A. 2575), Lender and Borrower value the Properties at an amount equal to the original principal amount of the Note secured by this mortgage, which value shall serve as lowest bid at the first auction in the event of foreclosure in:-----

*---ONE HUNDRED EIGHTY ONE THOUSAND NINE HUNDRED DOLLARS ($181,900.00).---------------------------------------------------*

---FIFTY: **APPEARING PARTIES "BORROWER".** Alberto Dapena Del Valle, of legal age, single, merchant and resident San Juan, Puerto Rico.-

---LENDER is: Puerto Rico FARM CREDIT, ACA, succeeding in right of the Puerto Rico Production Credit Association by the fusion of this with the Federal one Land Bank Association of San Juan, to state with the section seven point eight (7,8) of the Law of the Congress of the United States of America known by the Farming one Credit Act of 1987, title twelve section

CARLOS TOMASSINI RAMIREZ PUERTO RICO ABOGADO-NOTARIO

2279 (c1), instrumentality of the government of the United States with main offices in San Juan, Puerto Rico, represented in this act by **JORGE ALFONZO DULZAIDES GONZÁLEZ,** also known as **JORGE A. DULZAIDES**, of legal age, married, executive and resident of Trujillo Alto, Puerto Rico. The faculties of the representative are creditable in the Corporate Resolution of the February eleven (11) of two thousand twenty (2020), which has been before it, revised for the notary and meets all the requirements of Law. That faculties for this granting are creditable in the Registry of the Property of Puerto Rico.----------------------------------------

---**FIFTY FIRST: WAIVER OF HOMESTEAD RIGHTS.** Borrower hereby waives, in favor of the Lender, to the fullest extent allowed by law, all homestead and similar rights conferred upon Borrower by any law, including, without limitation, the provisions of the Puerto Rico Right of Homestead, 31 L.P.R.A. § § 1851-1857). ------------------------------------------------------

---**FIFTY SECOND: WAIVER OF RIGHT TO RECEIVE NOTIFICATION OF ASSIGNMENT.** The Borrower hereby waives for itself and its heirs, personal representatives, successors and assignees the right, if any to receive notification in the event of the assignment of the Note, the lien constituted by this Deed of Mortgage or in the event of the mortgaging of the same.------------------------------------------------------------

---**FIFTY THIRD: PROPERTY ADDRESS.** ----------------------------

**---Street Number One Hundred Seventy Six (176), KM seven point seven (7.7), Cupey Alto ward, San Juan, Puerto Rico.**-------------------------------

------------------------------ ACCEPTANCE --------------------------------

--- The appearing parties accept this Deed in its entirety and I, the Notary, made to the appearing parties the necessary legal warnings concerning the execution of the same.------------------------------------------------------------

---- I, the Notary, advised the appearing parties as to their right to have witness present at this execution, which right they waived. -----------------

----The appearing parties having read this Deed of Mortgage in its entirety fully ratify and confirm the statements contained herein as the true and exact embodiment of their stipulations, terms and conditions. Whereupon the appearing parties signed this Deed of Mortgage, before me, the Notary, and signed their initials on each and every page of this Deed. **I, the Notary, DO HEREBY ATTEST.** --------------------------------------------------------------

**--- Before the undersigned notary proceeds to sign, certifies that since he does not know the Debtor personally, he is identified, Alberto Dapena Del Valle, with his drivers licenses number 1906134 and that he knows personally Jorge Alfonso Dulzaides Gonzalez,8 in San Juan, Puerto Rico, today February 12, 2021, I THE NOTARY AGAIN ATTEST.**-------------

CARLOS TOMASSINI RAMIREZ
PUERTO RICO
ABOGADO-NOTARIO

Firmado: ALBERTO DAPENA DEL VALLE Y PUERTO RICO FARM CREDIT, ACA, REPRESENTADA POR JORGE ALFONSO DULZAIDES GONZALEZ---------------------------------

Firmado, signado, sellado y rubricado - CARLOS TOMASSINI RAMIREZ, NOTARIO PÚBLICO.----------------

Esta escritura consta de diecinueve (19) folios.---

Es primera copia certificada, fiel y exacta del original de su número que obra en mi protocolo de instrumentos públicos del año en curso en el cual se ha cancelado el sello de impuesto notarial forense en el original y en la presente copia de esta escritura. Al margen izquierdo de todos y cada uno de los folios de la escritura original aparecen estampadas las iniciales de los otorgantes, la impresión del sello oficial del notario autorizante, su signo y su rúbrica. A petición de Puerto Rico Farm Credit, ACA, expido la presente el día de su otorgamiento dejo nota de saca en la matriz, DOY FE.-----------------------------------

NOTARIO PÚBLICO

CARLOS TOMASSINI RAMIREZ
PUERTO RICO
ABOGADO-NOTARIO

1U20-00247810

Sello

5155
02/16/2021
$1.00

Impuesto Notarial
B0044-2021-0216-99799038